IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SANTOS RIOS-NOLASCO | § | |
| | § | |
| v. | § | 2:11-CV-209 |
| | § | |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION TO DENY
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Defendant SANTOS RIOS-NOLASCO has filed with this Court a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. section 2255. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge is of the opinion defendant is not entitled to relief and recommends the motion to vacate, set aside, or correct sentence be DENIED.

I.
FACTUAL AND PROCEDURAL HISTORY

The Presentence Report filed in the criminal case defendant now challenges establishes that in March 2010, United States Border Patrol agents observed a vehicle leave the roadway and pull into the ditch. *United States v. Rios-Nolasco*, No. 2:10-CR-015, "Presentence Report," filed June 10, 2010, doc. 35 [hereinafter PSR], pg. 4. The agents observed several people exit the vehicle and run into a nearby field. *Id.* The nine people from the vehicle, who were caught, were later determined to be undocumented foreign nationals. *Id.* Defendant was the driver of the vehicle. *Id.*

Upon further investigation, it was determined defendant was not only in the country illegally, but that he had also been removed to Mexico on three prior occasions. *Id.* On at least one of those occasions, defendant was deported to Mexico after being convicted of a felony. *Id.* Specifically, a federal court in Arizona had convicted defendant on June 30, 2008 of transporting illegal aliens

in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), during which defendant caused serious bodily injury to or placed in jeopardy the life of any person, in violation of 8 U.S.C. § 1324(a)(1)(B)(iii). *United States v. Rios-Nolasco*, CR 07-859, "Judgment in a Criminal Case," document 43, filed July 1, 2008 (D. Ariz.). After serving approximately six months in prison, defendant was deported to Mexico. PSR, pg. 4

The single-count indictment filed against defendant in this Court in cause number 2:10-CR-015 charged defendant with illegal reentry after deportation subsequent to a felony conviction. The indictment charged defendant with violating 8 U.S.C. §§ 1326(a)(1), (b)(1) and 6 U.S.C. §§ 202(3), 202(4), and 557. On May 7, 2010, petitioner pled guilty to the charge. He was sentenced in July 2010 to, *inter alia*, fifty-seven months' imprisonment. In so doing, and pursuant to section 2L1.2(b)(1)(A)(vii) of the Sentencing Guidelines, the Court increased defendant's offense level by sixteen points because he had been earlier deported after being convicted of a felony. *See United States v. Rios-Nolasco*, CR 07-859, "Judgment in a Criminal Case," document 43, filed July 1, 2008 (D. Ariz.).

Defendant appealed his conviction. *See United States v. Rios-Nolasco*, 2:10-CV-015, "Notice of Appeal," document 41, filed July 22, 2010. The Fifth Circuit denied the appeal and affirmed the Court's judgment. *See United States v. Rios-Nolasco*, 10-10735, Opinion, (5th Cir. Apr. 11, 2011). Defendant's section 2255 application followed.

## II.
## DEFENDANT'S ALLEGATIONS

In support of his contention that his conviction and sentence were imposed in violation of the Constitution or laws of the United States, defendant contends (1) trial counsel failed to file a Notice of Appeal, as requested by defendant and (2) defendant's sentence was improperly enhanced.

III.
MERITS

*A. Notice of Appeal*

Defendant first contends his attorney failed to file a notice of appeal, as defendant had requested. In its initial review of the case, the Court noticed that in defendant's criminal proceedings, cause number 2:10-CV-015, trial counsel did, in fact, file a Notice of Appeal to the Fifth Circuit. *United States v. Rios-Nolasco*, 2:10-CV-015, "Notice of Appeal," document 41, filed July 22, 2010. Counsel also requested his court appointment as defendant's attorney continue throughout the appeal, which request was granted. *See id.*, "Defendant's Request for a Court Appointed Appellate Attorney," document 42, filed July 27, 2010 (signed by trial counsel and defendant); Order Appointing Appellate Counsel, document 44, entered August 5, 2010. Trial counsel filed an "Entry of Appearance of Counsel" on August 6, 2010. *See id.*, document 46. On appeal, trial counsel contended the sentence defendant received violated the Eighth Amendment because it was disproportionate to his conduct. *See United States v. Rios-Nolasco*, 10-10735, Opinion, (5th Cir. Apr. 11, 2011). The Fifth Circuit denied the appeal and affirmed the Court's judgment on April 11, 2011. *See id.* Defendant's first ground of error therefore appears to be factually inaccurate.

*B. Sentence Enhancement*

In his second ground of error, defendant contends his sentence was improperly enhanced because "No where did the Government nor the PO's report state that the defendant in his previous case was paid to transport these people which were all friends and personal friends." Motion Pursuant to 28 U.S.C. § 2255, doc. 1, pg. 9 (sic throughout). Defendant appears to be correct in his statement that his sentence was enhanced under § 2L1.2(b)(1)(A)(vii) of the Sentencing Guidelines.

Under that section, if a defendant unlawfully entered or remained in the United States after a conviction for the felony of alien smuggling, then upon a subsequent illegal reentry conviction, the base offense level is increased by sixteen additional levels.

In this case, defendant pled guilty to illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(1) and 6 U.S.C. §§ 202(3), (4), and 557. Specifically, at the Rearraignment proceedings, defendant stated it was true he was lawfully convicted of the felony of transporting illegal aliens in 2008. *Id.*, "Rearraignment," document 47, filed Aug. 25, 2010, pg. 12. Following that felony conviction, he was removed to Mexico. *Id.* Defendant stated he then re-entered the United States and was illegally present in the country at the time of his March 2010 arrest. *Id.*

Defendant apparently thinks the government, at the 2010 proceedings before this Court, should have established his 2008 conviction was for transporting illegal aliens *for money* in order to use the 2008 conviction for the sixteen-level enhancement of the 2010 conviction. Defendant's understanding is incorrect. In 2002, section 2L1.2(b)(1)(A)(vii) established that if a defendant was previously deported for "an alien smuggling offense committed for profit," then the base offense level (upon conviction for illegal reentry) should be increased by sixteen points. In 2003, however, that provision was amended. The amendment deleted the "committed for profit" requirement.

Therefore, by the time defendant was sentenced in 2010, the "committed for profit" requirement had long been abolished. *See United States v. Rodarte-Vasquez*, 488 F.3d 316, 323 (5th Cir. 2007) (holding the 2003 amendments effectively eliminated an additional element of proof required in the 2002 "committed for profit" guidelines). At the time of defendant's sentencing, the government was no longer required to show the prior offense was committed for profit. *See id.* Rather, the government's only burden was to establish defendant had been previously convicted

simply of "an alien smuggling offense." Defendant does not contest the validity of his prior conviction or otherwise indicate information regarding the existence of his prior conviction is unreliable. Moreover, the Fifth Circuit has held that a violation of 8 U.S.C. § 1324(a)(1)(A), which statute defendant pled guilty to in Arizona in 2008, is indeed an "alien smuggling offense" referenced in 2L1.2(b)(1)(A)(vii) of the Sentencing Guidelines. *United States v. Solis-Campozano*, 312 F.3d 164, 167 (5th Cir. 2002).

Therefore, the Court was properly able to use the 2008 conviction for the sixteen-point enhancement applied at sentencing pursuant to 2L1.2(b)(1)(A)(vii). Defendant's second point of error also appears, on its face, to be without merit.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion to vacate, set aside, or correct sentence by defendant SANTOS RIOS-NOLASCO be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 26th day of September, 2011.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).
]